**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**MAEGUN MOOSO, ESQ.**
Nevada Bar No. 15067
**RANALLI ZANIEL FOWLER & MORAN, LLC**
2340 W. Horizon Ridge Parkway, Suite 100
Henderson, Nevada 89052
Telephone: (702) 477-7774
Facsimile: (702) 477-7778
ranalliservice@ranallilawyers.com
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION
*d/b/a* COSTCO WHOLESALE

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BETTY BELTRAN, individually, | Case No.  2:23-cv-01461-JAD-EJY |
| Plaintiff, | |
| v. | |
| COSTCO WHOLESALE CORPORATION, d/b/a COSTCO WHOLESALE; DOES 1 through 100 and ROE CORPORATIONS 1 through 100, inclusive, | |
| Defendants. | |

### STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Pursuant to the Stipulation contained herein by and among counsel for Plaintiff, Betty Beltran (Plaintiff), and counsel for Defendant, Costco Wholesale Corporation d/b/a Costco Wholesale (Defendant), the Court hereby finds as follows:

WHEREAS Plaintiff seeks discovery of confidential, proprietary and trade secret documents and information from Defendant, regarding certain practices, procedures, and guidelines and information that would not ordinarily be disclosed to the public and that disclosure or misuse of such materials would cause competitive harm, divulge trade secrets, raise privacy concerns, and violate confidentiality provisions set forth in contracts binding on

1

the parties.

WHEREAS, Costco requires protection against the unrestricted disclosure and use of such Confidential Information;

THEREFORE, it is ordered, adjudged and decreed that:

1. This Confidentiality Agreement and Protective Order shall govern all Confidential Information revealed in the above-referenced lawsuit, whether the Confidential Information is contained in documents produced, answers to interrogatories, deposition testimony and/or any other oral or written responses to discovery conducted in this matter, whether it is revealed by Costco or any other party or third-party.

2. A party shall indicate that information is Confidential Information hereunder by producing a copy bearing a stamp or label signifying that it is "Confidential." In the case of testimony or any other oral information, it shall be sufficient for a party to state that the Confidential Information is confidential pursuant to this Agreement and Protective Order at the time such testimony or oral information is given or conveyed. Alternatively, a party may designate testimony as Confidential hereunder by marking the transcript containing Confidential Information with the word "Confidential" within thirty days (30) days of receipt of the transcript of said testimony. A party may object to the designation of Confidential Information by notifying the other party of such objection within fourteen (14) days of receipt of the materials so designated. Thereafter, the attorneys for each party shall confer in good-faith to try and resolve the issue(s). If no such resolution can be reached, the party seeking confidentiality shall file the motion to enforce confidentiality the designation within fourteen (14) days of the conference between counsel. Confidential Information shall be treated as Confidential hereunder unless and until the Court rules otherwise. The failure of a party to challenge the designation of Confidentiality within the time frames referenced herein shall amount to a waiver of any objection thereto.

3. Confidential Information obtained by or produced to any party shall be held in confidence and revealed only to counsel of record, paralegals and secretarial employees under counsels' direct supervision, the parties themselves for purposes of deposition, qualified persons

taking testimony in this litigation involving such Confidential information, and necessary stenographic, videotape, and clerical personnel; outside vendors employed by counsel for copying, scanning and general handling of documents; the Court hearing this litigation and the Court's staff, subject to the Court's processes for filing materials under seal; and Third-party neutrals assisting in the alternative dispute resolution proceedings and their staff (e.g. mediators, settlement conference judges, special masters, etc.) and such persons as are employed by the parties or their counsel to act as experts, investigators or consultants in this case. All Confidential Information must be maintained in counsels' office, with the exception of documents and/or information provided to individuals employed to act as experts in this case. The parties shall take all steps reasonably necessary to see that no person shall use, disclose, copy or record Confidential Information for any purpose other than the preparation or conduct of this case.

4. All Confidential Information shall be used solely for the purpose of maintaining the present litigation, including any appeals or retrials, and not for any other purpose(s). Under no circumstances shall Confidential Information be disclosed to anyone other than the persons designated above, and the parties shall not disclose such Confidential Information to any undesignated person during or after the termination of this litigation. Moreover, no Confidential Information shall be disclosed to a competitor (direct or indirect) of Costco, whether for the purposes of this litigation or otherwise.

5. If any party misuses or improperly discloses Confidential Information in violation of this Order, any other party may move the Court for enforcement of this Order and/or sanctions that the Court deems appropriate under the circumstances, if any. Any party who claims that a violation of this Order has occurred shall have the burden of proof on that issue.

6. Each party will endeavor to make reasonable efforts to ensure that materials and documents that should bear the Confidential legend are so labeled in fact. A failure to do so designate any document or material shall not be deemed a waiver of the confidentiality protection. In the event a party belatedly determines that any document or material should be designated as Confidential under this Stipulation and Order, or if an unauthorized or inadvertent

3

disclosure of attorney work product or attorney client privilege materials occurs, such party will so notify the other party and the other party shall either agree to accept that notification and arrange to comply with the remaining provision of this Stipulation and Order to such late designated documents and materials or shall, after attempting to resolve the dispute with opposing counsel informally, file a motion to challenge the assertion of confidentiality and tender the subject documents for in camera review with the motion.

7. Before any Confidential Information is disseminated or disclosed to any of the above-designated persons, such person shall (a) read this Confidentiality Agreement and Protective Order in its entirety; and, (b) agree to all provisions of this Confidentiality Agreement and Protective Order.

8. All depositions, pleadings and reports in which Confidential Information is discussed, documented or referred to shall themselves be deemed Confidential Information and shall be subject to this Order. Should a party use any Confidential Information in any pleading filed with the Court, that party shall, at the time of filing, request that the court impound the specific portion of the pleading containing the Confidential Information.

9. Upon final termination of this litigation, each person subject to this Confidentiality Agreement and Protective Order shall return all Confidential Information to counsel for Costco within thirty (30) days after the final disposition of this matter. Documents that contain notations of counsel may be destroyed rather than returned, but it shall be the responsibility of counsel to ensure the documents are destroyed.

10. The disclosure of any Confidential Information by Costco shall not serve to waive any of the protections provided by this Confidentiality Agreement and Protective Order with respect to any other Confidential Information.

11. No person who has received Confidential Information shall seek to vacate or otherwise modify this Order at any time.

12. Nothing in this Confidentiality Agreement and Protective Order shall restrict Costco's right to object to the disclosure of documents or information otherwise objectionable, protected or privileged pursuant to the Nevada Rules of Civil Procedure, federal or state law, or

to seek a protective order preventing disclosure or limiting the discovery of Confidential Information, or to seek a protective order preventing disclosure or limiting the discovery of information or material that is objectionable on other grounds, regardless of whether or not such material may also constitute Confidential Information pursuant to this Confidentiality Agreement and Protective Order.

IT IS SO STIPULATED.

June 21, 2024

**RANALLI ZANIEL FOWLER & MORAN, LLC**

/s/ George M. Ranalli
_____
**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**MAEGUN MOOSO, ESQ.**
Nevada Bar No. 15067
2340 W. Horizon Ridge Parkway, Suite 100
Henderson, Nevada 89052
Attorney for Defendant

June 21, 2024

**NAQVI INJURY LAW**

/s/ Jason Miller
_____
**FARHAN R. NAQVI, ESQ.**
Nevada Bar No. 8589
**JASON MILLER, ESQ.**
Nevada Bar No. 16280
9500 W. Flamingo Road,
Suite 104
Las Vegas, NV 89147
Attorneys for Plaintiff

## ORDER

IT IS HEREBY ORDERED.

DATED this 22nd day of June, 2024.

_____
UNITED STATES MAGISTRATE JUDGE
ELAYNA J. YOUCHAH